Submitted November 5, 2019, affirmed April 14, 2021

In the Matter of C. P.,
a Person Alleged to have Intellectual Disabilities.
STATE OF OREGON,
*Respondent,*

*v.*

C. P.,
*Appellant.*

Marion County Circuit Court
18CC05729; A169473

486 P3d 845

Appellant appeals from a judgment of involuntary civil commitment based on a determination that she is a person with an intellectual or other developmental disability that renders her a danger to herself and unable to provide for her basic needs. She argues that the trial court plainly erred by (1) failing to commence a commitment hearing within seven judicial days of the warrant of detention; (2) failing to serve the citation at least 24 hours before the hearing and failing to identify the "possible consequences" of the hearing in the citation; and (3) issuing a warrant that failed to advise appellant of her right to counsel. *Held*: ORS 427.245(1) requires a court to hold a hearing within seven judicial days of the court's citation—not the issuance of a warrant. Further, there is nothing in the text or context of ORS 427.245(2) that requires the citation to be served at least 24 hours before the hearing and the statutory framework does not require the citation to identify the "possible consequences" of the hearing. Finally, ORS 427.255(1) does not require a warrant to advise of the right to counsel. Therefore, the trial court did not plainly err.

Affirmed.

Michael Newman, Senior Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Appellant appeals from a judgment of involuntary civil commitment to the custody of the Department of Human Services (DHS) for a period not to exceed one year based on a determination that she is a person with an intellectual or other developmental disability that renders her a danger to herself and unable to provide for her basic needs. On appeal, she raises a number of unpreserved procedural challenges, namely that the trial court plainly erred by (1) holding a hearing on the merits instead of dismissing the case for failure to commence a commitment hearing within seven judicial days of the warrant of detention; (2) failing to serve the citation at least 24 hours before the hearing and because the citation did not identify the "possible consequences" of the hearing; and (3) issuing a warrant that failed to advise appellant of her right to counsel. We affirm.

## I.  BACKGROUND

A. *Overview of the Intellectual Disability Civil Commitment Process*

To give context to appellant's procedural challenges, we begin with a brief description of the intellectual disability civil commitment framework constructed by ORS 427.215 through 427.306. Under ORS 427.235(1), the involuntary commitment process begins when two people submit a sworn notice to the court having probate jurisdiction or the circuit court that a person with an intellectual disability within the county is in need of commitment for residential care, treatment, and training. The sworn notice must set forth "the facts sufficient to show the need for investigation," and, if the court determines that the notice is sufficient to show a need for further investigation, then the court forwards the notice to the community development disabilities program for an investigation to begin immediately "to determine whether the person has an intellectual disability and is in need of commitment." *Id.*

The investigation report "shall be submitted to the court within 30 days of receipt of notice from the court." ORS 427.235(4). A copy of the investigation report must also be made available to DHS and to the person alleged to have an

intellectual disability "as soon as possible after its completion, but in any case prior to a [commitment] hearing held under ORS 427.245." *Id.* After the court receives the investigative report, the court must determine whether there is probable cause to believe that the person has an intellectual disability and is in need of commitment. ORS 427.245(1). If the court finds probable cause, it issues a citation under ORS 427.245(2) and orders the person to appear for a hearing at a time and place directed by the court. ORS 427.245(1).

Pending investigation or hearing, the court may issue a warrant of detention "if the court has probable cause to believe that the failure to take the person into custody would pose an imminent and serious danger to the person or to others." ORS 427.255(1). Under ORS 427.245(1), if a person is detained by a warrant of detention issued under ORS 427.255, the court "shall hold the hearing within seven judicial days." One of the questions presented by this case is when that seven-day requirement starts: Does it start when a person is held by a warrant of detention or after the trial court issues the citation?

Finally, after a hearing to consider the investigative findings and evidence, the court has several options described in ORS 427.290, including discharge, conditional release, appointment of a legal guardian or conservator, or commitment to DHS for up to a year.[1]

---

[1] ORS 427.290 provides, in part:

"If in the opinion of the court the person is not in need of commitment for residential care, treatment and training, the person shall be discharged. If in the opinion of the court the person has, by clear and convincing evidence, an intellectual disability and is in need of commitment for residential care, treatment and training, the court may order as follows:

"(1) If the person can give informed consent and is willing and able to participate in treatment and training on a voluntary basis, and the court finds that the person will do so, the court shall order release of the person and dismiss the case.

"(2) If a relative, a friend or legal guardian of the person requests that the relative, friend or legal guardian be allowed to care for the person for a period of one year in a place satisfactory to the court and shows that the relative, friend or legal guardian is able to care for the person and that there are adequate financial resources available for the care of the person, the court may commit the person and order that the person be conditionally released and placed in the care and custody of the relative, friend or legal guardian. * * *

B.   *Procedural History*

With that background, we turn to the salient facts in this case, which are undisputed. On October 11, 2018, an affidavit and request for a warrant of detention was submitted to the court. The same day, the court issued a warrant of detention for appellant. Appellant had been refusing medications; however, after the warrant was served, she began taking her medications.

On October 16, a written petition for commitment under ORS 427.235 was signed by two individuals, alleging appellant's intellectual disability and need for residential care, treatment, and training. After receiving the petition, the court concluded that there was sufficient showing of the need for further investigation and forwarded notification to the community mental health program director for further investigation on October 19. Three days later on October 22, a second affidavit and request for a warrant of detention was submitted to the court, and the court issued a warrant of detention on October 23. On November 1, a third affidavit and request for a warrant was submitted, and the court issued the third warrant of detention on the same day.

On November 6, the investigative report was completed, and the court on the same day issued a citation for appellant to appear at a hearing on November 15. The next day, the court appointed counsel for appellant.

On November 15, the trial court conducted a civil commitment hearing under ORS 427.290. At the beginning of the hearing, the court advised appellant, who was represented by legal counsel throughout the hearing, of her right to legal counsel and about the consequences of the proceeding as required by ORS 427.265. At the conclusion of the hearing, the court ordered appellant committed to the custody of DHS for a period of time not to exceed one year after making the determination that appellant had an intellectual or other developmental disability and because of that

---

"(3) If *** voluntary treatment and training or conditional release is not in the best interest of the person, the court may order the commitment of the person *** for a period not to exceed one year ***.

"(4) If *** the person may be incapacitated, the court may appoint a legal guardian or conservator ***."

disability was a danger to herself, was unable to provide for basic personal needs and was not receiving care as is necessary for her health, safety, or habilitation, and that neither voluntary treatment nor conditional release was in her best interest.

## II.   DISCUSSION

On appeal, appellant does not challenge the sufficiency of the evidence to support the civil commitment; rather, she raises three unpreserved procedural challenges asserting that the trial court committed reversible plain error. More specifically, appellant acknowledges that she did not move to dismiss her case and that she did not preserve the contentions that she now raises on appeal, but she contends that the asserted errors satisfy the requirements to reach her assignments of error as ones of plain error. We discuss each assignment of error below and conclude that the trial court did not plainly err.

Plain-error review involves a two-step inquiry in which we first determine whether the error is plain, and second, whether to exercise our discretion to consider the error. ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). To constitute plain error, the error must (1) be an error of law, (2) be obvious, *i.e.*, not reasonably in dispute, and (3) be "apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the plain-error test is satisfied, we must then determine whether to exercise our discretion to review the error. *Id*. at 630 ("That discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case.").

A.   *Challenge to the Timing of the Commitment Hearing*

We first address appellant's contention involving the final sentence in ORS 427.245(1), which requires the court, if the person is being held by a warrant of detention, to hold a hearing within seven judicial days. The question is "within seven judicial days" of what: from the issuance of

the warrant or from the issuance of the court's citation. The parties' arguments involve the statutory construction of several provisions within ORS chapter 427; thus, we review for errors of law. Consistently with the methodology prescribed in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), we consider the statute's text in context, with reference to pertinent legislative history.

We begin with the relevant statutory text and context. ORS 427.245(1), provides:

> "If the court, following receipt of an investigation report under ORS 427.235, concludes that there is probable cause to believe that the subject of the investigation has an intellectual disability and is in need of commitment for residential care, treatment and training, it shall, through the issuance of a citation as provided in subsection (2) of this section, cause the person to be brought before it at such time and place as it may direct for a hearing to determine whether the person has an intellectual disability and is in need of commitment for residential care, treatment and training. The person shall be given the opportunity to appear at the hearing. If the person is detained pursuant to ORS 427.255, the court shall hold the hearing within seven judicial days."

Here, the parties' dispute centers on the final sentence and its relationship to ORS 427.255(1), which provides, in part:

> "If the court finds that there is probable cause to believe that the failure to take into custody pending an investigation or hearing a person alleged to have an intellectual disability and be in need of commitment for residential care, treatment and training would pose an imminent and serious danger to the person or to others, the court may issue a warrant of detention to *** take the person into custody and produce the person at the time and place stated in the warrant. ***"

Appellant argues that ORS 427.245(1) required the trial court to hold a commitment hearing within seven judicial days of when she was detained by the warrant of detention, and that failure to hold the hearing within seven judicial days requires dismissal of the hearing. Relying on the analogous situation presented in *State v. A. E. B.*, 196 Or App 634, 635, 106 P3d 647 (2004), appellant argues that,

because she was held from October 11, 2018 to November 15, 2018, without a hearing, the trial court violated the requirement in ORS 427.245(1) to hold the hearing within seven judicial days.[2]

In *A. E. B.*, we reversed an order of involuntary commitment for mental illness when the hearing occurred more than five judicial days after the placement of a physician's hold under ORS 427.232(2). The appellant was placed on a hospital hold, and after five judicial days, he was placed on an additional hospital hold. *Id.* We held that the second hold violated ORS 426.232(2) and ORS 426.095(2), and that violation required dismissal of the case. *Id.*; *see also State v. J. D.*, 208 Or App 751, 752, 145 P3d 336 (2006) (holding a mental illness commitment hearing more than five judicial days after placement of initial hold violates ORS 426.232(2) and ORS 426.095(2), and requires dismissal); *State v. P. G.*, 225 Or App 211, 212, 200 P3d 614 (2009) (same).

The state remonstrates that the broader context of the first paragraph of ORS 427.245 is focused on the requirements of the court's citation, and, therefore, the seven-judicial-day requirement refers to the time from which a citation is issued, not from when a person is held by a warrant of detention. In support of its conclusion, the state points out that ORS 427.255 authorized a person to be detained during the preparation of an investigation report, something that can take up to 30 days under ORS 427.235. The statutory framework, in the state's view, further required the trial court to review the investigation report before it could issue the citation that scheduled the commitment hearing and authorizes custody under warrants of detention pending the hearing. Thus, although ORS 427.245(1) requires the hearing to occur within seven judicial days after the citation issued, the state argues that the trial court complied

---

[2] Furthermore, appellant contends that, even under the state's "best-case-scenario," the third and final warrant of detention was initiated on November 1, which still exceeded the seven-judicial-day window. That is, appellant's argument is that the trial court plainly erred in failing to hold the hearing within seven judicial days of any of the warrants of detention. Although it is not clear why the trial court issued three detention warrants, we need not untangle that procedural irregularity given our conclusion that the seven-day window is tied to when the trial court issues the citation, not when the person is held under a warrant of detention.

with that requirement under the circumstances of this case. Finally, the state notes that appellant cites multiple cases to support her arguments, but those cases involved mental health civil commitments under ORS chapter 426 and not intellectual disability civil commitments under ORS chapter 427.

We begin by observing that ORS chapter 427 does not contain any provision that resembles ORS 426.232(2) or ORS 426.237(4)(b). ORS 426.232(2) places an express five-day limit on "physician" or "hospital" holds that precede a commitment hearing held under the framework constructed by ORS chapter 426. That statutory framework authorizes a hospital to hold a person "for as long as is feasible given the needs of the person for mental or physical health or safety," but also provides that "under no circumstances may the person be held for longer than five judicial days." ORS 426.237(4)(b) similarly provides, with respect to prehearing detention, that "[i]n no case shall the person be held longer than five judicial days without a hearing under this section." We have previously explained that ORS 426.234(4) and ORS 426.237(4)(b) thus essentially require courts, in mental-disorder commitment cases, to "commence commitment proceedings upon being notified of a physician hold"; courts "lack authority to 'commence proceedings' when a person is involuntarily hospitalized for longer than five judicial days." *State v. L. O. W.*, 292 Or App 376, 380-81, 424 P3d 789 (2018).

Although appellant suggests that ORS chapter 427 contains analogous restrictions and requires an intellectual disability commitment hearing to occur within seven judicial days after a warrant of detention issues, the structure of ORS chapter 427 is markedly different. It does not require a court to "commence [commitment] proceedings" upon issuance of a warrant of detention and it does not expressly declare that a hearing must occur within any particular number of days after a warrant issues. Instead, the framework built by ORS chapter 427 provides that investigators will have up to 30 days to conduct an investigation, that a person may be held under a warrant of detention "pending an investigation or hearing," and that issuance of a citation will follow submission of the investigation report.

ORS 427.245(1), read in context, shows that, for a person held under a warrant of detention, the hearing must occur within seven judicial days after the court issues a citation. The trial court complied with that requirement.

In short, although the final sentence in ORS 427.245(1) supports appellant's argument when read in isolation, we conclude that, when read in context, the requirement that a hearing be held within seven judicial days keys off of the issuance of a citation and not from when a person is held by a warrant of detention. Accordingly, the trial court committed no error, plain or otherwise, by holding the commitment hearing when it did.

B.  *Challenge to the Timing and Content of the Citation*

In her second assignment of error, appellant argues that the trial court plainly erred under ORS 427.245(2) by not dismissing the proceeding because the citation was not served more than 24 hours before the hearing and because the citation did not inform appellant of the consequences of the proceeding. Although appellant acknowledges that the record in this case does not show when the citation was served, she nevertheless contends that the procedures concerning the citation were faulty by incorrectly relying on ORS 425.245(2) and *Wolff v. McDonnell*, 418 US 539, 564, 94 S Ct 2963, 41 L Ed 2d 935 (1974).

ORS 427.245(2) elaborates on the procedural significance and requirements of the contents of the court's citation. As relevant here, ORS 427.245(2) provides, in part:

"Upon a determination under subsection (1) of this section that probable cause exists to believe that the person has an intellectual disability and is in need of commitment for residential care, treatment and training, the court shall cause a citation to issue to the person * * *. The citation shall state the specific reasons the person is believed to be in need of commitment for residential care, treatment and training. The citation shall also contain a notice of the time and place of the commitment hearing, the right to legal counsel, the right to have legal counsel appointed if the person is unable to afford legal counsel, the right to have legal counsel appointed immediately if so requested, the right to subpoena witnesses [on] behalf of the person to testify at

the hearing, the right to cross-examine all witnesses and such other information as the court may direct. The citation shall be served on the person by the community developmental disabilities program director or the designee of the director delivering a duly certified copy of the original to the person prior to the hearing. The person, the parents of the person or the legal guardian of the person shall have the opportunity to consult with legal counsel prior to being brought before the court. The community developmental disabilities program director or the designee of the director shall advise the person of the purpose of the citation and the possible consequences of the proceeding."

Appellant argues that we should construe ORS 427.245(2) and the requirements of the citation within the broader context of the requirements of due process. Although appellant does not address the lack of textual support in the statute for her argument, she nevertheless argues that we should adopt the reasoning articulated by the Supreme Court of the United States in the context of a state prison disciplinary proceeding. In *Wolff*, the Court held that due process required that

"written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee."

418 US at 564. Appellant argues that in order for the trial court to comply with ORS 427.245(2) and protect appellant's right to due process, *Wolff* requires that the person must be provided notice of the allegations and the evidence to be relied upon in the hearing, and that such information should be provided through a citation "no less than 24 hours" prior to the hearing.

The state responds that appellant waived her right to challenge the validity of the citation under ORCP 21 G(1) (providing that certain defenses, including insufficiency of service of summons or process, are waived unless raised in either the responsive pleading or a motion to dismiss), and that, even assuming that the citation was not served at least

24 hours before the hearing, the trial court did not commit any error. We conclude that the trial court did not plainly err.

As an initial matter, appellant did not file a reply brief explaining why ORCP 21 G(1) does not bar the arguments that she makes on appeal. That provides a complete answer; however, even if it did not, there is nothing in ORS 427.245(2) or in *Wolff* that suggests that the trial court erred plainly or otherwise. ORS 427.245(2) requires the citation to provide notice "of the time and place of the commitment hearing," and requires the citation to "be served on the person by the community developmental disabilities program director or the designee of the director delivering a duly certified copy of the original to the person prior to the hearing." *Id.* Nothing in the text or context of ORS 427.245(2) requires service at least 24 hours before the hearing.

Moreover, in an analogous proceeding, when the legislature has intended for an alleged mentally ill person to receive particular information at least 24 hours before a commitment hearing, it has explicitly provided for as much in the text of the framework. For example, ORS 426.074(3) provides that "[a] copy of the investigation report shall be provided * * * in no event later than 24 hours prior to the hearing, to the person and to the person's counsel." Thus, we conclude it is significant that ORS chapter 427 does not contain any similar requirement when discussing the citation requirement in intellectual disability civil commitments.

Finally, we similarly reject appellant's reliance on *Wolff* to argue that the trial court plainly erred. As an initial matter, the prison disciplinary procedures at issue in *Wolff* did not provide the adult in custody with the assistance of counsel, and the Supreme Court held that due process principles also did not require such assistance. 418 US at 558-59, 569-70. Thus, nothing in *Wolff* suggests that, in an intellectual disability civil commitment case such as this, in which the subject of the hearing was represented by counsel, due process principles would impose the same notice requirement that applies to an unrepresented adult in custody at a prison disciplinary hearing. At the very least, it is far from obvious that *Wolff* required any such notice in this case. *See State v. Reyes-Camarena*, 330 Or 431, 436,

7 P3d 522 (2000) (holding that the alleged error was not plain, in part, because "[n]o Oregon appellate court ha[d] considered the issue, let alone held that defendant's position [was] correct").[3]

Appellant also challenges the citation in a second way: She argues that the citation needed to inform her of the potential consequences of the hearing that ORS 427.290 outlines. Nothing in ORS 427.290, however, refers to the citation or imposes any requirements on the content of a citation. Although ORS 427.245(2) describes a number of topics that the citation "shall *** contain," that statute does not refer to the potential consequences of the hearing or otherwise cross-reference ORS 427.290. Instead, the legislative framework requires a trial court to inform the person subject to an intellectual disability commitment hearing of the hearing's possible consequences. *See* ORS 427.265(1) ("[a]t the time that [the person] *** is brought before the court, the court shall advise the person of the possible results of the proceedings"). Here, the trial court did just that, and appellant cites no authority to support her argument that due process principles meant that the trial court plainly erred by not also informing appellant of the hearing's potential consequences. Accordingly, we reject both of appellant's plain error challenges to the timing and content of the citation.

C. *Challenge Based on the Failure to Advise Her of the Right to Counsel*

In the third and final assignment of error, appellant argues that the warrants of detention failed to comply with ORS 427.255(1) and due process because it did not advise her of her right to counsel, including the "immediate appointment of counsel if [she was] unable to afford counsel." Like the other assignments of error, appellant did not preserve her argument by raising it before the trial court;

---

[3] It is worth observing that nothing in the record suggests that the procedures before the trial court hampered appellant's ability to defend against the allegations or present evidence in support of her position. Instead, the record shows (1) that the trial court appointed counsel for appellant over a week before the hearing; (2) that counsel represented appellant throughout the hearing; and (3) that neither counsel nor appellant ever suggested that anything about the timing or contents of the citation disadvantaged appellant in any way.

rather, she argues that the court committed reversible plain error by proceeding with the hearing despite the warrants' purported deficiencies.

ORS 427.255(1) provides, in part, that,

> "[a]t the time the person is taken into custody, the custodian shall advise the person or, if the person is incapacitated or a minor, the parents or guardian of the person of the person's right to counsel, to have legal counsel appointed if the person is unable to afford legal counsel, and, if requested, to have legal counsel appointed immediately."

Thus, the plain text of ORS 427.255(1) does not require any warrant of detention to inform appellant of her right to counsel; rather, the custodian or the person who took custody of appellant must inform her of her right to counsel. Appellant has never suggested that the custodian in this case failed to provide that information. Accordingly, we conclude that the trial court did not err in failing to dismiss the proceeding because nothing in ORS 427.255(1) or due process required the warrant to contain the advice about her right to counsel.[4]

Affirmed.

---

[4] As the state points out, appellant's arguments that the citation and the warrants failed to comply with due process appear to be premised on her construction of ORS 427.245(2) and ORS 427.255(1). Accordingly, we do not separately address those arguments given our discussion of the proper construction of ORS 427.245(2) and ORS 427.255(1).