Submitted December 3, 2021, affirmed March 9, 2022

In the Matter of S. R.-N.,
a Person Alleged to have Intellectual Disabilities.
STATE OF OREGON,
*Respondent,*

*v.*

S. R.-N.,
*Appellant.*

Marion County Circuit Court
19CC00185; A175900

506 P3d 492

Appellant challenges on procedural grounds and as plain error his commitment to the custody of the Department of Human Services for one year, under ORS chapter 427, on the basis that his intellectual disability made him dangerous to himself and others and that he was unable to provide for his basic personal needs. In three assignments of error, he argues that (1) his hearing was not held within the number of days required by statute after the trial court issued the warrant of detention (ORS 427.245(1) (if a person is detained under a warrant of detention, "the court shall hold the hearing within seven judicial days")); (2) a citation was not issued as required by ORS 427.245(2) ("the court shall cause a citation to issue" that includes specified information and rights); and (3) the court failed to advise him of the nature of the proceedings, as required by ORS 427.265(1). *Held*: Given the record and appellant's arguments on appeal, the court declined to exercise its discretion to correct the errors appellant asserts are plain.

Affirmed.

Keith R. Raines, Senior Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This is an appeal of a judgment committing appellant to the custody of the Department of Human Services (DHS) for one year, under ORS chapter 427, on the basis that his intellectual disability made him dangerous to himself and others and that he was unable to provide for his basic personal needs. ORS 427.215; ORS 427.290. His challenge to the civil commitment is not a challenge to the merits, *i.e.*, whether the evidence was sufficient to establish that he has an intellectual disability or whether that disability was a basis for commitment. Rather, appellant challenges the commitment on procedural grounds. In three assignments of error, he argues that (1) his hearing was not held within the number of days required by statute after the trial court issued the warrant of detention (ORS 427.245(1) (if a person is detained under a warrant of detention, "the court shall hold the hearing within seven judicial days")); (2) a citation was not issued as required by ORS 427.245(2) ("the court shall cause a citation to issue" that includes specified information and rights); and (3) the court failed to advise him of the nature of the proceedings, as required by ORS 427.265(1).

At the commitment hearing, appellant did not bring to the court's attention the procedural deficiencies he claims on appeal were error. Thus, he asks us to correct the claimed errors as plain error. For its part, the state concedes that defendant is correct as to the second assignment. As we explain below, we do not accept the state's concession. Nor do we conclude that reversal of the judgment of commitment is merited as plain error for appellant's other assignments of error. We affirm.

The record reflects the following facts, which are undisputed and mostly procedural. Prior to appellant's commitment hearing, appellant had been previously committed under ORS chapter 427 for one year to residential care, treatment, and training, and was residing at a group home run by DHS's Stabilization and Crisis Unit (SACU). As the end of the one-year commitment approached, two representatives from SACU petitioned the circuit court to continue appellant's commitment for one more year. ORS 427.235(1).

On February 12, 2021, the trial court found the notice sufficient to show the need for investigation and forwarded the notice to the community developmental disabilities director for Marion County. An investigator for the county investigated the need for appellant's continued commitment and issued a report recommending continued commitment. On March 16, 2021, the court found that there was probable cause to believe appellant was intellectually disabled for the purposes of an ORS chapter 427 commitment and ordered the issuance of a citation for a March 25 hearing, the appointment of counsel, and a warrant of detention.

On March 24, the state moved the court to postpone the March 25 hearing to April 1 because a key witness was unable to testify on the scheduled date. The motion noted that appellant's two attorneys were notified on March 19 and March 24 of the state's wish to postpone the hearing, and, on March 24, one of appellant's attorneys responded that there was no objection to a postponement. The court granted the motion, and a hearing was held on April 1. Appellant was represented by counsel, and two employees from SACU were present. The court made some preliminary remarks, telling appellant at several points that he was at a hearing to determine whether or not he had a "mental illness" and, if so, that the court could commit appellant to the Oregon State Hospital for a one-year period. The court also told appellant that he had the right to a court-appointed attorney and to subpoena witnesses, and that it would "receive evidence on [appellant's] behalf." The state's attorney then outlined how it would proceed with its case to prove that appellant's intellectual disability was a basis for continued commitment under the care of SACU. The state called witnesses (who were cross-examined by appellant) to testify about appellant's intellectual disability and the bases for continued commitment to residential care. The court found that the evidence was clear and convincing that appellant had an intellectual disability and was dangerous and ordered appellant's continued commitment.

We first discuss appellant's second assignment of error. There is no evidence in the record that a citation was issued, and appellant argues that the trial court plainly erred when it violated the requirements for a citation set out

in ORS 427.245(2). In appellant's view, the failure to provide a citation deprived him the benefit of a full and fair hearing, *i.e.*, his rights under the Due Process Clause were violated. ORS 427.245(2) provides that the court must cause a citation to issue to a person alleged to need residential care, treatment, and training because of an intellectual disability. The citation must "state the specific reasons the person is believed to be in need of commitment for residential care, treatment and training," and contain a notice of the time and place of the commitment hearing as well as various rights afforded to the person alleged to have an intellectual disability, such as the right to legal counsel. ORS 457.245(2).

For us to correct an error as plain, the claimed error must be (1) "one 'of law'"; (2) "'apparent,' *i.e.*, the point must be obvious, not reasonably in dispute"; and (3) "appear 'on the face of the record,' *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). If the plain-error test is satisfied, we must then determine whether to exercise our discretion to review the error. *Id.* at 382. "A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution." *Id.*

Assuming that the legal error is apparent on the face of the record, we do not exercise our discretion to correct the claimed error. Appellant has not suggested that the outcome of this case depends in any way on the identified error, nor does our own review of the record reveal how appellant was harmed by the lack of a citation. Appellant was represented by counsel at least as early as three days after the court issued its order for the issuance of a citation for a commitment hearing, the appointment of counsel, and a warrant of detention. When appellant's counsel agreed to a postponement of the hearing, there is no indication that counsel expressed any objection that their client had not been provided a citation or that the client was unaware that efforts were proceeding to continue his commitment for another year. The court told appellant at the hearing that he had the right to a court-appointed attorney, to subpoena witnesses, and that it would receive evidence on his behalf.

And, at the hearing, appellant indicated that he had spoken with his attorney about the proceeding, and appellant's attorney never raised any concern that appellant did not receive a citation or argue that a failure to issue a citation deprived her client of knowing the nature of the proceeding or affected appellant's ability to prepare for it. *State v. Inman*, 275 Or App 920, 935, 366 P3d 721 (2015), *rev den*, 359 Or 525 (2016) ("[T]he ease with which any error could have been avoided or corrected should be a significant factor in an appellate court's decision whether to exercise its discretion to correct a plain, but unpreserved, error.").

Having reviewed the record of the commitment proceeding and having considered appellant's arguments on appeal, we do not view the lack of a citation as resulting in a commitment hearing that was less than full and fair. *See State v. K. R. B.*, 309 Or App 455, 458, 482 P3d 134 (2021) (not exercising discretion to correct an assumed error to timely provide a citation for an ORS chapter 426 commitment because there was "no basis on which to conclude that the service of the citation at the commencement of the hearing caused appellant not to receive the benefits of a full and fair hearing"); *State v. Kerne*, 289 Or App 345, 349-50, 410 P3d 369 (2017), *rev den*, 363 Or 119 (2018) ("One circumstance in which we will not and cannot exercise our discretion to correct a plain error is when that error is harmless[.]"). We do not accept the state's concession, which is based on our case law regarding ORS chapter 426. Although ORS chapter 426, which provides the procedures for civilly committing persons alleged to have a mental illness, is a somewhat analogous statutory scheme to ORS chapter 427, there are differences in what is required for the issuance and service of citations. Case law in which we have exercised our plain-error discretion in the context of mental illness civil commitments under ORS chapter 426 does not provide the sole basis for our consideration in this appeal, which arises under ORS chapter 427. *See State v. C. P.*, 310 Or App 631, 639, 486 P3d 845 (2021) (noting the "markedly different" structure of ORS chapter 427 compared to ORS chapter 426).

Turning to appellant's first assignment of error, we conclude that his argument is foreclosed by our recent

decision, *C. P.*, 310 Or App at 639, in which we held that ORS 427.245(1) requires that, for a person held under a warrant of detention, the hearing must occur within seven judicial days after the court issues a *citation*. Here, appellant, contending that *C. P.* was incorrectly decided, argues that, under ORS 427.245(1) ("If the person is detained pursuant to ORS 427.255 [allowing for a warrant of detention], the court shall hold the hearing within seven judicial days."), the trial court must hold a commitment hearing within seven judicial days of the date the *warrant of detention* was issued, and that the court plainly erred because it failed to do that. Appellant also argues that the timing of the hearing is not excused by the postponement because the trial court lacked authority to postpone the hearing for a period more than 72 hours. *See* ORS 427.265(4) ("The court may, for good cause, postpone the hearing for not more than 72 hours to allow preparation for the hearing and order the continuation of detention authorized under ORS 427.255 during a postponement, if requested by the person, the legal counsel, parent or guardian of the person, an examiner or on the court's own motion.").

We do not believe that appellant's argument that *C. P.* is incorrect is well taken. Appellant does not assert that our decision was plainly wrong, *see State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (describing our "rigorous" standard for overruling our own precedent, including that it must be "plainly wrong"), and we therefore decline to reconsider it. Given that appellant's argument depends on the timing of the hearing from the warrant of detention, and that argument was rejected in *C. P.*, we conclude that the trial court did not plainly err in conducting the hearing when it did. To the extent that appellant's argument rests on his assertion that the court lacked authority to postpone the hearing, even if that error is plain, we would not exercise our discretion to correct it because appellant had counsel and agreed to the postponement. *See Ingram v. Allen*, 273 Or 890, 893, 544 P2d 167 (1975) (party's acquiescence invited the error and party cannot complain on appeal).

Finally, we turn to appellant's third assignment of error. Appellant points to instances at the beginning of

the commitment hearing in which the trial court referred to the proceeding as a hearing to determine whether appellant was a person with a mental illness. In appellant's view, that was a violation of ORS 457.265(1), which requires the trial court to advise the person alleged to have an intellectual disability of the "nature of the proceedings." Like we did in the second assignment of error, assuming the court's mischaracterization of the proceeding was plain error, we decline to exercise our discretion to correct it. Although the trial court was mistaken or misspoke at the beginning of the hearing, it soon became apparent what the nature of the proceeding was. Counsel for the state outlined the case for continued commitment on the basis that appellant's intellectual disability made him dangerous to himself and others and made him unable to provide for his basic needs. The state called witnesses who were clear about their opinion that appellant's intellectual disability required continued commitment. Under those circumstances, we do believe the court's initial mischaracterization of the proceeding was harmless, and we will not reverse the judgment of commitment on a plain-error basis.

With that said, we note that we are not insensitive to appellant's due process concerns (for which he does not develop an argument much beyond pointing to our case law for ORS chapter 426) regarding the trial court's apparent failure to comply with the procedures ORS chapter 427 requires. However, due process "'is not a technical conception with a fixed content unrelated to time, place and circumstances,' *Cafeteria Workers v. McElroy*, 367 US 886, 895, 81 S Ct 1743, 6 L Ed 2d 1230 (1961), but is instead a flexible concept that 'calls for such procedural protections as the particular situation demands.' *Morrissey v. Brewer*, 408 US 471, 481, 92 S Ct 2593, 33 L Ed 2d 484 (1972)." *State v. Johansen*, 125 Or App 365, 373, 866 P2d 470 (1993), *rev den*, 319 Or 572 (1994). Among the factors provided by the United States Supreme Court in *Mathews v. Elridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976), to determine what procedural protections the United States Constitution requires and whether a disputed procedure provides those protections is "the risk of an erroneous deprivation of [the private] interest [affected by the official action] through the procedures used,

and the probable value, if any, of additional or substitute safeguards." *Johansen*, 125 Or App at 373.

It bears emphasizing that, although the procedures set in place for ORS chapter 427 aim to *ensure* due process, it is not necessarily true that the failure to satisfy those procedures *denies* due process; that is, a constitutionally significant deprivation of due process requires an assessment of the risk that a procedural failure resulted in the commitment. *See Mathews*, 424 US at 335; *cf., e.g., State v. S. J. F.*, 247 Or App 321, 326, 269 P3d 83 (2011) (on *de novo* review, stating that, for a civil commitment under ORS chapter 426, the failure of the trial court to provide a person with all of the information required by ORS 426.100(1) means that the person did not receive the benefit of a full and fair hearing). In this case, appellant was provided counsel several days before the hearing and indicated that he and counsel had spoken, and counsel represented appellant at the commitment hearing, where counsel cross-examined the state's witnesses and argued that the evidence was insufficient to continue appellant's commitment. We hope—and expect—that in the course of counsel's representation of her client she was aware of appellant's procedural rights, and that she discussed those rights with appellant and the nature of the proceeding. We also note the responsibility of counsel to raise any due process concerns during commitment proceedings so that arguments and the record may be sufficiently developed for this court's review. On this record, it is not a matter of plain error that appellant's important liberty interest was at risk of being erroneously deprived because of the claimed procedural errors. We therefore affirm.[1]

Affirmed.

---

[1] It also bears emphasizing that our analysis in this case is based on a plain-error review standard, on this record, and on the specific arguments made on appeal. In this case, as noted above, among other facts, appellant was provided counsel several days before the commitment hearing and discussed the case with her, appellant's counsel cross-examined witnesses, and appellant has not suggested that the violation of the citation requirement disadvantaged him. This opinion should not be read more broadly than that.