***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 28, affirmed July 19, 2023

In the Matter of A. G. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. G. S.,
*Appellant.*

Marion County Circuit Court
22CC04278; A179329

Timothy R. Park, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant seeks reversal of a judgment committing her to the Oregon Health Authority for up to 180 days pursuant to ORS 426.130. Appellant argues that the trial court plainly erred in failing to hold her commitment hearing within five judicial days of her detention, as required by ORS 426.232(2) and ORS 426.234(4). *See State v. C. P.*, 310 Or App 631, 635, 486 P3d 845 (2021) (to constitute plain error, "the error must (1) be an error of law, (2) be obvious, *i.e.*, not reasonably in dispute, and (3) be apparent on the record without requiring the court to choose among competing inferences" (internal quotation marks omitted)). Appellant acknowledges that ORS 426.237(1)(b) allows for an extension of the five-day statutory deadline for a 14-day period of intensive treatment but contends that those procedures were not properly followed in her case. Specifically, she argues that the certificate authorizing the treatment period was not "filed" with the court within the statutory timeline. Because it is not "apparent on the record" that those procedures were not followed, nor is it "obvious" that the certificate must be "filed" with the court within that timeframe, the trial court did not plainly err. *See* ORS 426.237(3)(a)(A) (requiring that the certificate be "[d]eliver[ed]" to the court).

Affirmed.