224 August 7, 2024 No. 542

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. C. N.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

C. C. N.,
*Appellant.*

Clackamas County Circuit Court
22CC06735; A180065

Ann M. Lininger, Judge.

Submitted December 21, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Hadlock, Senior Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

In this civil commitment proceeding, appellant challenges the trial court's judgment committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days based on the court's determination that he is a person with mental illness and that, as a result, he is dangerous to others. Appellant raises three assignments of error. First, appellant argues that the trial court lacked probable cause to hold a commitment hearing because it issued a citation for that hearing before the investigation required by ORS 426.070(3)(c) was complete, and therefore should have granted his motion to dismiss. Second, appellant challenges the admission of evidence relating to criminal assaults committed by appellant in 2013 and 2020. Third, appellant argues that the evidence was legally insufficient to prove that appellant was a danger to others. We affirm.

*Probable Cause.* We review for legal error whether the trial court complied with the pre-commitment statutes and whether any non-compliance with the statutes violated appellant's due process rights. *See State v. K. G.*, 330 Or App 493, 497, 544 P3d 403 (2024) (reviewing the trial court's interpretation of the commitment statutes for legal error); *see also State v. Johansen*, 125 Or App 365, 367, 866 P2d 470 (1993), *rev den*, 319 Or 572 (1994) (reviewing a due process challenge to commitment procedures for errors of law).

Appellant argues that the trial court lacked probable cause to hold the commitment hearing because the citation issued before the investigator completed the investigation required by ORS 426.070(3)(c), and, moreover, the investigator ultimately recommended against a commitment hearing. On that basis, appellant argues that the trial court should have granted his motion to dismiss. Assuming without deciding that the trial court violated ORS 426.070(5) (a) by prematurely issuing the citation, we nevertheless conclude that any procedural failure was harmless because it did not result in appellant's commitment.

A trial court must initiate an investigation by a community mental health program upon receiving notice

that an individual is alleged to be mentally ill and in need of treatment. ORS 426.070(3)(c); ORS 426.074. "If the court, following the investigation, concludes that there is probable cause to believe that the person investigated is a person with mental illness, it shall, through the issuance of a citation * * * cause the person to be brought before it * * * for a hearing * * *." ORS 426.070(5)(a). The statutory civil commitment scheme "provides procedural safeguards which satisfy the requirements of the Due Process Clause." *Dietrich v. Brooks*, 27 Or App 821, 828, 558 P2d 357 (1976), *rev den*, 277 Or 99 (1977). While those procedures "aim to *ensure* due process, it is not necessarily true that the failure to satisfy those procedures *denies* due process[.]" *State v. S. R.-N.*, 318 Or App 154, 161, 506 P3d 492 (2022) (emphasis in original). Thus, to determine whether there was "a constitutionally significant deprivation of due process" here, we must assess "the risk that a procedural failure resulted in the commitment." *Id.*

In this case, although the trial court may have prematurely issued a citation before the investigation was complete, the notice of mental illness describing appellant's violent behavior, continued delusions, and medication noncompliance provided the trial court with probable cause to hold a commitment hearing. Specifically, the notice described a violent incident in which appellant stabbed a stranger, who sustained life-threatening injuries, and which resulted in criminal charges against appellant, as well as the results of a subsequent aid-and-assist evaluation that concluded that appellant would never be able to aid and assist in his own defense. The notice further described appellant's lack of insight into his mental health, his frustration with taking medication, and a physical altercation between appellant and another patient at the Oregon State Hospital. We conclude that that notice provided the trial court with a substantial objective basis to believe that, more likely than not, appellant was suffering from a mental illness. *See State v. Smith*, 71 Or App 205, 211, 692 P2d 120 (1984) (explaining that, in the context of civil commitment proceedings, probable cause is "a substantial objective basis for believing that more likely than not a person is mentally ill"). Even though the investigator ultimately recommended against a commitment hearing, that recommendation was

not binding on the trial court. *See* ORS 426.070(4) ("Upon completion, a *recommendation* based upon the investigation report under ORS 426.074 shall be promptly submitted to the court." (Emphasis added.)). Therefore, any procedural failure on the part of the trial court did not prejudice appellant in that the issuance of the citation before the investigator reported their recommendation did not result in appellant's commitment. The trial court did not err in denying appellant's motion to dismiss on that basis.

*Relevancy of Evidence Pertaining to Previous Assaults.* In his second assignment, appellant contends that the trial court erred by admitting testimony, over appellant's relevancy objections, pertaining to a 2013 incident in which appellant assaulted his father and a 2020 incident in which appellant stabbed a stranger on a bike path. As appellant acknowledges, under the rules of evidence, relevance is a low threshold: evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. OEC 401.

We conclude that the evidence pertaining to the 2013 and 2020 assaults was relevant. Both incidents represent overt acts of violence, and because appellant had been hospitalized since the 2020 stabbing, that incident in particular provided the most recent example of appellant's tendency to commit violence while unmedicated and in a delusional state. That evidence logically bears on appellant's probability to commit violence in the future. *See State v. J. T. C.*, 284 Or App 38, 40, 392 P3d 754, *rev den*, 361 Or 645 (2017) (explaining that when a person with a mental disorder has carried out "an overt violent act in the past against another person," that evidence generally constitutes clear and convincing evidence that the person is a danger to others if it "form[s] a foundation for predicting future dangerousness" (internal quotation marks omitted)). Thus, the trial court did not err in overruling appellant's objections to the admission of testimony relating to those assaults.

*Sufficiency of the Evidence.* Finally, appellant contends that the evidence is legally insufficient to prove that he was a danger to others because the evidence pertaining

to the 2013 and 2020 incidents fails to show a current threat of serious and highly probable physical harm. We have reviewed the record and conclude the trial court did not err.

"Whether evidence is legally sufficient to support a civil commitment is a question of law." *State v. R. L. W.*, 267 Or App 725, 728, 341 P3d 845 (2014). We are bound by the trial court's findings, so long as they are supported by evidence in the record. *Id.* "[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Id.* (internal quotation marks omitted).

"To prove that a person is dangerous to others, the state must establish by clear and convincing evidence a factual foundation to predict appellant's future dangerousness based on his condition at the time of the hearing in the context of his history." *State v. H. M.*, 307 Or App 246, 250, 475 P3d 133 (2020) (internal quotation marks omitted). "[I]f a mentally ill person has threatened others and has also carried out an overt violent act in the past against another person, those facts generally constitute clear and convincing evidence that the person is a danger to others." *State v. D. L. W.*, 244 Or App 401, 405, 260 P3d 691 (2011). However, the state cannot carry its burden to establish future dangerousness "based solely on past history without more." *H. M.*, 307 Or App at 251. The state must also present "current evidence to link [the] appellant's past behavior to a *current* serious and highly probable threat of harm." *Id.* at 252 (emphasis in original).

Here, the evidence is legally sufficient to support the trial court's conclusion that appellant is a danger to others due to his mental illness. Appellant's previous assaults demonstrate the serious violence appellant is capable of while unmedicated and in a delusional state. Although the 2020 incident occurred approximately two years before the commitment hearing, the state presented sufficient evidence to link appellant's past violent behavior to a current serious and highly probable threat of harm. The trial court found, and the record supports, that appellant's delusions

persisted despite treatment and intervention in the Oregon State Hospital, that appellant demonstrated poor insight into his mental health and planned to stop taking medication if he was not required to, and that appellant engaged in multiple physical altercations with other patients while hospitalized. The trial court, therefore, did not err in concluding that appellant, because of a mental disorder, is dangerous to others.

Affirmed.