320 August 14, 2024 No. 559

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. K. P.,
a Person Alleged to have Intellectual Disabilities.
STATE OF OREGON,
*Respondent,*

*v.*

D. K. P.,
*Appellant.*

Marion County Circuit Court
23CC04194; A182260

Amy M. Queen, Judge.

Argued and submitted July 10, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Balmer, Senior Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Appellant was found to be a person with an intellectual disability who is dangerous to himself and, on that basis, was committed to the custody of the Oregon Department of Human Services for one year under ORS 427.215. On appeal, appellant raises a single assignment of error. He contends that the trial court erred by proceeding with the commitment hearing without a proper citation. Specifically, he argues (1) that the citation incorrectly refers to appellant being "mentally ill" and, contrary to the requirement in ORS 427.245(2), fails to state the "specific reasons" that commitment is believed to be necessary, and (2) that there is "no indication" in the trial court record whether the citation served on appellant was a "duly certified copy of the original" or whether the person who served it was "the community developmental disabilities director or the designee of the director," both of which are required by ORS 427.245(2).[1] Appellant did not raise those issues in the trial court, so he requests plain-error review.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

We reject appellant's argument regarding service, because any error in that regard is not plain. Appellant has not identified any statutory requirement to make a record that the service copy of the citation was a "duly certified copy of the original" or that the person who served the citation was an authorized person under ORS 427.245(2). To be "plain," an error must be apparent on the face of the record. *Vanornum*, 354 Or at 629. "We cannot find plain error based

---

[1] At oral argument, appellant seemed to disavow his second argument, but he did not expressly withdraw it, so we err on the side of caution and address it.

on speculation in the face of a silent record." *State v. C. T.*, 333 Or App 718, 722, ___ P3d ___ (2024).

As for appellant's argument regarding the content of the citation, ORS 427.245(2) requires a trial court to determine whether probable cause exists to believe that a person has an intellectual disability and is in need of commitment and, if so, to issue a citation. Among other things, "[t]he citation shall state the specific reasons the person is believed to be in need of commitment for residential care, treatment and training." ORS 427.245(2).

In this case, on July 10, 2023, immediately after receiving the petition, the court ordered the appointment of counsel for appellant, and, on August 10, 2023, the court ordered that a citation be issued to appellant. Each of those court orders states (1) that "[t]here is probable cause to believe [appellant] is an intellectually disabled person in need of commitment for residential care, treatment and training (pursuant to ORS 427.235)"; and (2) that the reason that "[c]ommitment is necessary" is because appellant is dangerous to himself or others and unable to provide for his basic personal needs and is not receiving care as is necessary for his health, safety, or habilitation. However, notwithstanding those orders, the actual citation signed by the court clerk on August 10, 2023, incorrectly states that the trial court found probable cause to believe that appellant is "mentally ill" and fails to identify the reasons why commitment is believed necessary.

The question is whether the trial court plainly erred by issuing the citation that it did and, if so, whether we should reverse the commitment based on that error. Appellant argues that the error is plain and that we should exercise our discretion to correct it for the reasons articulated in *State v. T. C.*, 327 Or App 558, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024), in which we reversed a mental-illness commitment based on a procedural plain error. The state counters that this case is controlled by *State v. S. R.-N.*, 318 Or App 154, 506 P3d 492 (2022), which, unlike *T. C.*, involved an intellectual-disability commitment. Appellant did not address *S. R.-N.* in his briefing but, at oral argument, took the position that *T. C.* implicitly overruled *S. R.-N.*

On its face, this case is readily analogous to *S. R.-N.* The appellant in *S. R.-N.* was committed based on his having an intellectual disability that made him dangerous to others and unable to provide for his basic personal needs. 318 Or App at 155. On appeal, he raised several procedural challenges, including (1) that there was "no evidence in the record that a citation was issued" and (2) that the trial court several times referred to the hearing as one to determine whether the appellant was "mentally ill." *Id.* at 156, 159-60. We affirmed the judgment. *Id.* at 155. Regarding the citation, we rejected the state's concession of error, which was based on case law under the mental-illness commitment statutes. *Id.* at 158 ("Although ORS chapter 426, which provides the procedures for civilly committing persons alleged to have a mental illness, is a somewhat analogous statutory scheme to ORS chapter 427, there are differences in what is required for the issuance and service of citations. Case law in which we have exercised our plain-error discretion in the context of mental illness civil commitments under ORS chapter 426 does not provide the sole basis for our consideration in this appeal, which arises under ORS chapter 427."). We assumed *arguendo* that the lack of a citation in the record was plain error, but we declined to exercise our discretion to correct it, because the appellant had not identified any resulting harm to him. *Id.* at 157-58. As for the trial court's mistaken references to mental illness at the commitment hearing, similarly, we assumed that the court's mischaracterization of the proceeding was plain error, but we concluded that the error was harmless. *Id.* at 160.

Appellant acknowledges that *S. R.-N.* is directly on point but argues that we should disregard it because it was implicitly overruled by *T. C.* We are unpersuaded.

In *T. C.*, an en banc decision of this court issued a year after our decision in *S. R.-N.*, we reversed a mental-illness civil commitment because the citation was not personally served on the allegedly mentally ill person. 327 Or App at 560. Appellant argues that *S. R.-N.*'s reasoning and *T. C.*'s reasoning are irreconcilable, such that the latter implicitly overruled the former. He points especially to the concluding five paragraphs of *T. C.*, which emphasize the

importance of adequate prehearing notice and the inherent prejudice in not receiving adequate notice. *Id.* at 569-71. Appellant reads *T. C.* to hold that any procedural irregularity that could potentially deprive a person of the full opportunity to prepare for a commitment hearing is inherently not harmless and merits the exercise of discretion, and he contends that that reasoning applies equally to mental-illness commitments and intellectual-disability commitments.

But we are unpersuaded that *T. C.* implicitly overruled *S. R.-N.* The *T. C.* majority was obviously aware of *S. R.-N. S. R.-N.* was decided only a year earlier, and it is expressly cited in one of the dissenting opinions in *T. C. See id.* at 582 (Pagán, J., dissenting). Under the circumstances, it is reasonable to assume that if the *T. C.* majority had intended to overrule *S. R.-N.*, it would have done so expressly.

That does not mean that *S. R.-N.* is invulnerable. It may be that, in a future case, we will be persuaded to overrule *S. R.-N.* in light of the reasoning articulated in *T. C.* However, to do so, we must be persuaded that *S. R.-N.* is "plainly wrong," "a rigorous standard grounded in presumptive fidelity to *stare decisis.*" *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017). As *S. R.-N.* emphasizes, there are differences between ORS chapter 426, governing mental-illness commitments, and ORS chapter 427, governing intellectual-disability commitments. *S. R.-N.*, 318 Or App at 158. To seriously consider overruling *S. R.-N.*, we would need to see meaningful briefing from the parties as to what those statutory differences are and whether they support taking a different approach to harmlessness and gravity in intellectual-disability commitments than *T. C.* articulates for mental-illness commitments.

We have not received such briefing in this case. Moreover, the limited discussion of *S. R.-N.* at oral argument was directed to whether *T. C.* implicitly overruled *S. R.-N.*, not whether we should overrule *S. R.-N.* now. Under the circumstances, we decline to consider overruling *S. R.-N.* in this case on the arguments presented.

Until and unless we or the Supreme Court overrules *S. R.-N.*, it remains good law. In *S. R.-N.*, there was no evidence that a citation was even issued. Here, a citation was issued, but it misstated the probable cause that was found and failed to state the "specific reasons" that appellant was believed to need commitment. At the same time, counsel was appointed very early to represent appellant, counsel received actual notice of the nature of the proposed commitment and the reasons that appellant was believed to need commitment well in advance of the hearing, and nothing in the record suggests that appellant or his counsel were confused or misled by the error in the citation or lost hearing preparation time as a result. Therefore, as in *S. R.-N.*, we decline to exercise any discretion that we have to correct the error, because we conclude that it did not result "in a commitment hearing that was less than full and fair." *S. R.-N.*, 318 Or App at 158.

Affirmed.