800 December 11, 2024 No. 902

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. W.,
a Person Alleged to have Intellectual Disabilities.

STATE OF OREGON,
*Respondent,*

*v.*

K. W.,
*Appellant.*

Marion County Circuit Court
23CC07360; A183397

Drew P. Taylor, Judge pro tempore.

Submitted November 8, 2024.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

PER CURIAM

Firearm order reversed; otherwise affirmed.

**PER CURIAM**

Appellant was found to be intellectually disabled and committed to the custody of the Department of Human Services for one year. On appeal, she challenges both the judgment of commitment and a contemporaneously issued "Order Prohibiting Purchase or Possession of Firearms."

In her first assignment of error, appellant argues that the trial court erred by proceeding with the hearing and ultimately committing her, given deficiencies in the preparation and service of the citation. We reject that argument for reasons similar to those in *State v. S. R.-N.*, 318 Or App 154, 506 P3d 492 (2022). "Until and unless we or the Supreme Court overrules *S. R.-N.*, it remains good law." *State v. D. K. P.*, 334 Or App 320, 325, 556 P3d 660 (2024). "[A]s in *S. R.-N.*, we decline to exercise any discretion that we have to correct the error, because we conclude that it did not result 'in a commitment hearing that was less than full and fair.'" *Id.* (quoting *S. R.-N.*, 318 Or App at 158). Accordingly, we affirm the judgment of commitment.

In her second assignment of error, appellant argues that the trial court erred by issuing the order that prohibits her from purchasing or possessing firearms, because there is no statutory authority for such an order. Appellant had no opportunity to object as the court issued that order without notice after the hearing. The state, which did not request a firearms prohibition, concedes that the court erred, because there is no statute comparable to ORS 426.130(1)(a)(D) that applies to intellectual-disability commitments. *See* ORS 426.130(1)(a)(D) (requiring the court to order that a person with *mental illness* be prohibited from purchasing or possessing a firearm, if the stated criteria are met). We accept the concession as well taken and, accordingly, reverse the firearm order.

Firearm order reversed; otherwise affirmed.