No. 900 December 11, 2024 793

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. K.,
a Person Alleged to have Intellectual Disabilities.

STATE OF OREGON,
*Respondent,*

*v.*

D. K.,
*Appellant.*

Marion County Circuit Court
23CC05337; A182767

Michael Y. Wu, Judge pro tempore.

Argued and submitted October 18, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Appellant challenges a judgment of involuntary civil commitment to the custody of the Department of Human Services for a period not to exceed one year based on the trial court's determination that appellant has an intellectual disability and because of that intellectual disability was a danger to self and others and unable to provide for appellant's basic needs. *See* ORS 427.290(3) (providing for civil commitment of a person with intellectual disabilities); *see also State v. C. P.*, 310 Or App 631, 632-33, 486 P3d 845 (2021) (outlining intellectual disability civil commitment framework provided by ORS 427.215 through 427.306). On appeal, appellant advances a single assignment of error that raises numerous unpreserved procedural challenges that primarily rely on *State v. T. C.*, 327 Or App 558, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024), but does not otherwise contest the underlying merits of the civil commitment. For its part, the state relies primarily on *State v. S. R.-N.*, 318 Or App 154, 506 P3d 492 (2022), and remonstrates that the alleged procedural deficiencies were either functionally remedied during the pre-hearing process or insufficient to qualify as plain error. Assuming without deciding that the trial court plainly erred in the ways that appellant advances on appeal, we decline to exercise our discretion under the circumstances of this case to correct any plain error. *See State v. D. K. P.*, 334 Or App 320, 325, 556 P3d 660 (2024) (declining to exercise discretion to reach any plain error even though the citation was deficient). Accordingly, we affirm.

Because the parties are familiar with the undisputed procedural facts in this case, we do not provide a recitation for this nonprecedential memorandum opinion. Plain-error review involves a two-step inquiry in which we first determine whether the error is plain, and second, whether to exercise our discretion to consider and correct the error. ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). First, to constitute plain error, the error must (1) be an error of law, (2) be obvious, *i.e.*, not reasonably in dispute, and (3) be apparent on the record without requiring the court to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889

(2013) (citing cases). Second, if all three parts of the plain-error test are satisfied, we must determine whether to exercise our discretion to review the error. *Id.* at 630 (explaining that "discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case"). A court's recognition of an unpreserved or unraised error should be made with "utmost caution" because reaching such an error is contrary to the strong policies requiring preservation. *Ailes*, 312 Or at 382. As the Supreme Court recently explained, the preservation requirement promotes fairness and judicial economy, ensures that parties are not taken by surprise or denied opportunities to meet an argument, and helps secure the trial court's ability to consider and rule on a contention thereby avoiding an error altogether or fixing one already made. *See State v. Wiltse*, 373 Or 1, 22, ___ P3d ___ (2024).

Here, even assuming that appellant's argument is correct that the trial court plainly erred, we decline to exercise our discretion to correct any error. Like the situation in *D. K. P.*, which advanced similar contentions challenging the citation in an intellectual-disability commitment, counsel in this case was appointed early to represent appellant and there is nothing in the record to suggest that appellant or counsel were confused or misled by any discrepancies in the citation. The gravity of the error in the context of this case weighs against exercising our discretion, especially considering that the parties and the court could have addressed any issues raised by the challenged citation (and what effect, if any, the second—unchallenged—citation) has on this case. In short, similar to the situations in *D. K. P.* and *S. R.-N.*, we decline to correct any error because we conclude that appellant's hearing did not result "in a commitment hearing that was less than full and fair." *S. R.-N.*, 318 Or App at 158.

Affirmed.