500 May 8, 2024 No. 302

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. M.-B.,
a Person Alleged to have Intellectual Disabilities.

STATE OF OREGON,
*Respondent,*

*v.*

M. M.-B.,
*Appellant.*

Lane County Circuit Court
22CC07835; A180977

Charles M. Zennaché, Judge.

Submitted March 20, 2024.

Joseph DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Appellant appeals a judgment committing her to the Department of Human Services for a period not to exceed one year, with conditional release and placement in the care of her parents, based on her inability to care for her personal needs as the result of an intellectual disability. *See* ORS 427.005 - 427.900 (regarding intellectual-disability commitments). In her sole assignment of error, appellant contends that the trial court plainly erred by failing to provide the complete advice of rights required by ORS 427.265. Specifically, she argues that the court plainly erred when it advised her that she had the right to an attorney but did not specify that she had the right to "suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case." For the following reasons, we affirm.

The only facts relevant to the issue on appeal are procedural. Appellant was brought before the court for a commitment hearing. She appeared with appointed counsel. At the beginning of the hearing, the court advised appellant of the nature of the proceeding and her rights, including stating, "You have a right to be represented by an attorney, and Ms. Knight has been appointed to represent you in this matter."

Appellant contends that the court did not provide a complete enough advice of rights and that, as a result, she was deprived of a fair hearing. She points to ORS 427.265(1), which provides:

> "At the time that a person who is alleged to have an intellectual disability and to be in need of commitment for residential care, treatment and training is brought before the court, the court shall advise the person of the reason for being brought before the court, the nature of the proceedings and the possible results of the proceedings. *The court shall also advise the person of the right* to subpoena witnesses and *to suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case during the proceedings, and that if the person does not have funds with which to retain suitable legal counsel, the court shall appoint such legal counsel to represent the person.* If the person does not request legal

counsel, the legal guardian, relative or friend may request the assistance of legal counsel on behalf of the person."

(Emphases added.)

Appellant acknowledges that she did not preserve her claim of error and that we are therefore limited to plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (allowing discretionary review of "plain" errors). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Appellant contends that the error is plain and that we should exercise our discretion to correct it. In response, the state argues that any error is not plain, because it is not obvious that the advice of rights that the trial court gave was legally insufficient under the circumstances. The state argues in the alternative that any error was harmless.

We agree with the state that it is not obvious and beyond reasonable dispute that the advice of rights given was legally insufficient. Unlike cases in which a person was not advised of a right at all—such as not being advised of the right to subpoena witnesses, *State v. M. L. S.*, 288 Or App 117, 118, 404 P3d 1145 (2017)—appellant was advised of her right to an attorney. Moreover, at the time the advice of rights was given, that right had already been effectuated, in that the trial court had already determined that appellant did not have the funds to retain suitable legal counsel and had appointed suitable legal counsel for her, who was present at the hearing. Under the circumstances, it is not obvious, and is reasonably in dispute, whether the court needed to include the "suitability" language in its advice of rights to comply with ORS 427.265. *See Vanornum*, 354 Or at 629 (one requirement for an error to be "plain" is that the legal point is obvious and not reasonably in dispute).

Further, even if we were to strictly construe ORS 427.265 as requiring a verbatim recitation of all the language regarding the right to counsel, we would not reverse in this case. Because appellant's right to counsel was fully effectuated, any error was harmless or, at a minimum, not grave enough to warrant reversing the judgment.

Affirmed.