20 September 11, 2024 No. 652

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of H. C.,
a Person Alleged to have Intellectual Disabilities.

STATE OF OREGON,
*Respondent,*

*v.*

H. C.,

*Appellant.*

Marion County Circuit Court
23CC04197; A182258

Audrey J. Broyles, Judge.

Submitted August 14, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant, who is alleged to be a person with an intellectual disability, appeals a judgment committing him to the Department of Human Services for a period not to exceed one year, based on the trial court's determinations that appellant is a danger to others and is unable to care for himself. *See* ORS 427.290. Appellant raises one assignment of error, contending that the trial court plainly erred when it did not adequately advise him as required under ORS 427.265(1).[1] Having reviewed the record, and assuming without deciding that the trial court plainly erred, we decline to exercise discretion to correct the error. Therefore, we affirm.

In his sole assignment of error, appellant contends that the trial court plainly erred when it "failed to advise appellant during the proceedings of the nature of the proceedings, what allegations were at issue, and the possible results of [the] proceedings."

"For us to correct an error as plain, the claimed error must be (1) one of law; (2) apparent, *i.e.*, the point must be obvious, not reasonably in dispute; and (3) appear on the face of the record, *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable." *State v. S. R.-N.*, 318 Or App 154, 157, 506 P3d 492 (2022) (internal citation and quotation marks omitted). If we determine that an error is plain, we must then decide whether to exercise our discretion to review and correct it; we must make that decision "with utmost

_____

[1] ORS 427.265(1) provides:

"At the time that a person who is alleged to have an intellectual disability and to be in need of commitment for residential care, treatment and training is brought before the court, the court shall advise the person of the reason for being brought before the court, the nature of the proceedings and the possible results of the proceedings. The court shall also advise the person of the right to subpoena witnesses and to suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case during the proceedings, and that if the person does not have funds with which to retain suitable legal counsel, the court shall appoint such legal counsel to represent the person. If the person does not request legal counsel, the legal guardian, relative or friend may request the assistance of legal counsel on behalf of the person."

caution." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

Here, assuming without deciding that the trial court plainly erred in failing to adequately advise appellant as required under ORS 427.265(1) in the manner that appellant contends, we decline to exercise our discretion to correct the error. In this case, the trial court advised appellant personally that the purpose of the hearing was to "determine whether or not [appellant] should remain committed for residential care, treatment, and training," as he had been prior to the hearing, and that the court process would involve "listen[ing] to witnesses to determine whether or not [appellant] should be continued in the place that [appellant is] now and the status that [appellant is] now." *See* ORS 427.265 ("At the time that a person who is alleged to have an intellectual disability and to be in need of commitment \* \* \* is brought before the court, the court shall advise the person of the reason for being brought before the court, the nature of the proceedings and the possible results of the proceedings.").

Further, counsel indicated that she had "experience working with [appellant]," was aware of appellant's particular needs, and affirmatively indicated that the advice that the trial court gave appellant at the beginning of the hearing was adequate. *Compare State v. M. M.-B.*, 332 Or App 500, 503, 549 P3d 600 (2024) (court would not exercise discretion to correct any plain error where the trial court "advised [the appellant] that she had the right to an attorney but did not specify that she had the right to 'suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case'"), *with State v. M. L. S.*, 288 Or App 117, 119, 404 P3d 1145 (2017) (exercising discretion to correct plain error where the trial court failed to advise appellant in any way of his "right to subpoena witnesses," and the record did not demonstrate that the appellant was informed of that right).

We note that, at the hearing, appellant's counsel was prepared to address specific issues related to appellant's case, cross-examined the state's witnesses, and advocated for appellant's interests. *See State v. Horton*, 327 Or App 256, 266, 535 P3d 338 (2023) (declining to exercise discretion to

correct plain error where there was only an "extremely low likelihood" that "the verdict would have been different" but for the error). And we note that appellant was present for the advice of rights.

For those reasons, we do not view this as a case that warrants the exercise of our discretion to review the asserted plain error.

Affirmed.